NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001095
11-DEC-2015
08:46 AM

NO. CAAP-12-0001095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
COLLEEN A. O'BRIEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-12-01530)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Colleen A. O'Brien (O'Brien) appeals from the November 21, 2012 Judgment convicting her of Operating a Vehicle Under the Influence of an Intoxicant, a violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014) entered by the District Court of the First Circuit, Honolulu Division (District Court).[1]

On appeal, O'Brien argues that the District Court erred when it (1) denied O'Brien's motion to dismiss the charge for (a) failure to define "alcohol" and (b) framing the allegations in the disjunctive; (2) admitted her custodial statements into evidence; (3) admitted her alcohol test result despite (a) a failure to provide a judicial determination of probable cause and (b) misleading and inaccurate warnings given to her prior to giving her consent and (c) a violation of her "right to withdraw any implied consent she had previously given for any warrantless searching at any time; (4) admitted the sworn statements of the intoxilyzer supervisor because they were "testimonial" and

_____

[1] The Honorable David Lo presided.

violated her right to confrontation; and (5) found O'Brien guilty upon insufficient evidence because the Intoxilyzer test results were admitted without sufficient foundation insofar as there was insufficient evidence (a) that the Intoxilyzer was maintained and tested for accuracy in conformity with the manufacturer's recommendations and (b) of compliance with Hawaii Administrative Rules (HAR) Title 11, Chapter 114 (i) regarding the licensing of the operator or (ii) approval of the Intoxilyzer where judicial notice of the sworn statements of the supervisor was improperly taken.

After a careful review of the issues raised and arguments made by the parties, the applicable authority, the record, and in light of the Hawai'i Supreme Court's decision in State v. Won, SCWC-12-0000858 (Haw. Nov. 25, 2015) we reverse O'Brien's conviction for OVUII under HRS § 291E-61(a)(3).

DATED:   Honolulu, Hawai'i, December 11, 2015.

On the briefs:

Timothy I. Mac Master
for Defendant-Appellant.

Presiding Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

2